**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3393-16T1

METPARK II, LLC,

    Plaintiff-Respondent,

v.

ROBERT KEMPFE,

    Defendant/Third-Party
    Plaintiff-Appellant,

v.

OLIVE HOULDAY and FRANK ADUBATO,

    Third-Party Defendants.

_____

Argued July 31, 2018 — Decided August 16, 2018

Before Judges Mayer and Mawla.

On appeal from Superior Court of New Jersey,
Law Division, Monmouth County, Docket No.
L-3470-14.

Robert Kempfe, appellant, argued the cause pro
se.

Christopher J. Hanlon argued the cause for
respondents (Hanlon Niemann & Wright, PC,
attorneys; Christopher J. Hanlon, on the
brief).

PER CURIAM

Defendant Robert Kempfe appeals from the following Law Division orders: a January 29, 2015 order declaring defendant's mobile home abandoned; an August 19, 2016 order in favor of plaintiff Metpark II, LLC (Metpark) and third-party defendants Olive Houlday and Frank Adubato, dismissing defendant's counterclaim and third-party complaint; and a March 3, 2017 order awarding counsel fees to plaintiff in the amount of $7,258.50. We affirm.

The relevant facts are straightforward. Metpark is a mobile home community consisting of twenty-two mobile home lots located in Neptune, New Jersey. Adubato is the owner and operator of Metpark. Houlday, a resident of Metpark, assists Adubato in managing the mobile home park. Defendant leased a lot in Metpark for his mobile home.

In August 2012, defendant had a physical altercation with Houlday and another resident of Metpark. Based on the incident, Metpark filed an eviction action against defendant. The parties resolved the eviction matter by placing a settlement agreement on the record on October 26, 2012, and signing a written consent judgment for possession that same date.

The terms for resolving the eviction action were simple. Metpark held a judgment of possession for the lot occupied by

defendant's mobile home.  Notwithstanding the judgment of possession, Metpark agreed a warrant for removal would be stayed for ninety days to permit defendant to sell or rent his mobile home.  If defendant failed to act within ninety days, defendant acknowledged he could lose his mobile home.  Any sale or sublet of defendant's mobile home was expressly conditioned on Metpark's approval of the buyer or renter, which could not be unreasonably withheld.  During the ninety-day stay period, defendant agreed to abide by Metpark's rules and regulations and to pay all outstanding rent.  Upon the expiration of the ninety days, defendant agreed to move out of Metpark.  Thereafter, defendant would be permitted to return to Metpark solely to meet with individuals interested in purchasing or subleasing his mobile home.  Plaintiff agreed to refrain from executing the warrant for removal provided defendant complied with the terms of the consent judgment.

Despite acknowledging and accepting the terms settling the eviction action, defendant filed several post-judgment motions, including a motion to vacate the consent judgment for possession and a motion to remove the case to the Law Division.  Defendant's post-judgment motions were denied.[1]

---

[1] Defendant did not appeal from any of the tenancy court's orders related to the eviction action.

Because defendant failed to abide by the terms of the consent judgment, on May 1, 2013, plaintiff executed the warrant of removal. After executing on the warrant of removal, defendant's mobile home still remained on Metpark's property. Consequently, on May 15, 2013, Metpark served defendant with a notice pursuant to the Abandoned Tenant Property Act, N.J.S.A. 2A:18-72 to -84 (Act). In the notice, Metpark stated it considered defendant's mobile home abandoned. The notice provided seventy-five days for defendant to remove the home. If defendant failed to timely remove his mobile home, the notice explained the home would be sold. Because defendant's mobile home was titled as a motor vehicle, plaintiff was required to use the form promulgated by the New Jersey Motor Vehicle Commission to notify defendant concerning the removal of his property.

Defendant failed to remove his mobile home from Metpark's property in accordance with the Act.[2] In September 2014, plaintiff filed a complaint, seeking a declaration that the mobile home was abandoned.

After receiving Metpark's complaint for declaratory relief, defendant began to scavenge items from the mobile home, including

---

[2] The Act requires a tenant to express an intent to remove any remaining property. Although defendant objected to plaintiff declaring his mobile home abandoned, he never stated an intent to remove the home from Metpark's property.

A-3393-16T1

appliances, countertops, and other fixtures. Defendant's removal of items from the mobile home contravened a June 19, 2013 court order, restraining defendant from entering the mobile home absent prior notice to Metpark's manager.

In response to plaintiff's declaratory judgment complaint, defendant filed a counterclaim and a third-party complaint alleging Metpark, Houlday, and Adubato interfered with his right to rent or sell the mobile home. Plaintiff, Houlday, and Adubato denied any such interference in their responsive pleadings.

Metpark filed an order to show cause (OTSC), seeking a declaration that defendant abandoned the mobile home and continuing the restraints barring defendant from entering the home. The OTSC judge heard counsels' arguments on January 12, 2015.[3] The judge found defendant had more than sixteen months to remove the mobile home from plaintiff's property and failed to do so. The judge granted plaintiff's requested relief, declaring plaintiff "established the right to the property, and defendant has no available remedies that would allow him to take possession of the property in question." The judge further confirmed that defendant's counterclaim and third-party complaint, alleging

_____

[3] Defendant retained counsel to oppose Metpark's OTSC.

interference with his efforts to sell or lease the mobile home, remained pending.

On or about April 15, 2016, plaintiff and third-party defendants moved for summary judgment, seeking dismissal of defendant's counterclaim and third-party complaint. According to plaintiff, despite completing discovery related to the allegations in his pleadings, defendant failed to present any competent evidence demonstrating that plaintiff and third-party defendants interfered with his right to sell or rent the mobile home.

On August 19, 2016, a different judge heard argument on the summary judgment motion. The judge found defendant offered hearsay testimony in support of his interference claim and failed to present any competent admissible evidence demonstrating bona fide efforts to sell or rent the mobile home. The only non-hearsay testimony presented by defendant was the potential sale of the mobile home to his mother. The judge determined the sale to defendant's mother for one dollar was not an arms' length transaction and violated the terms of the consent judgment for possession, in which defendant agreed he would not reside at Metpark.

The judge also considered and rejected defendant's arguments in opposition to summary judgment related to defendant's dissatisfaction with the orders entered by the tenancy court judge.

6

The motion judge noted the time within which to appeal from those orders had passed and defendant did not file an appeal.

The motion judge further concluded the tenancy court orders set forth the actions defendant could and should have undertaken related to his mobile home, specifically its sale or rental. The judge found defendant failed to sell or rent his mobile home within the time provided pursuant to the consent judgment.[4] The judge entered an order on August 19, 2016, granting summary judgment to plaintiff and third-party defendants and dismissing defendant's counterclaim and third-party complaint. The judge postponed consideration of plaintiff's request for counsel fees and suggested the parties attempt to resolve that issue before plaintiff filed a formal fee application.

The parties were unable to resolve the issue of counsel fees allowable under the parties' lease agreement,[5] requiring plaintiff to file a motion for fees. The matter was heard by the same judge who dismissed defendant's counterclaim and third-party complaint.

---

[4] Plaintiff extended the time for defendant to sell or rent his mobile home beyond the ninety-day timeframe in the consent judgment for possession. In fact, Metpark did not execute the warrant for removal until May 2013. Despite the additional time afforded to him, defendant still failed to sell or rent his mobile home.

[5] The motion judge determined that the parties' signatures affixed to the written rules and regulations governing Metpark was the equivalent of a written lease agreement.

Defendant opposed the application for the award of fees, but did not contest the amount of the fees requested. Based on the January 29, 2015 order declaring the mobile home abandoned, the judge found abandonment was a violation of Paragraph 43 of Metpark's rules and regulations. She also concluded Paragraph 46 of Metpark's rules and regulations entitled Metpark to fees and costs associated with a violation of the rules and regulations. Because the judge found defendant "[did not] take issue with the quantum of legal fees or costs sought," she reviewed the certifications and documents in support of plaintiff's requested fees and costs and "found that the fees and costs sought [were] not unreasonable." The judge entered an order on March 3, 2017, awarding counsel fees and costs to plaintiff in the amount of $7,258.50.

Defendant appeals from the court's orders declaring the mobile home abandoned, granting summary judgment to plaintiff and third-party defendants on the counterclaim and third-party complaint, and awarding counsel fees and costs to plaintiff. Defendant raises the following arguments in his merits brief and reply brief:

> POINT I
>
> IT WAS ERROR TO GRANT SUMMARY JUDGMENT WITH MATERIAL FACTS IN DISPUTE.

POINT II

BECAUSE OF THE COMPLEXITY OF THE HISTORY OF
THE CASE, THE COURT SHOULD HAVE HELD A HEARING
TO FULLY UNDERSTAND THE SAME.

POINT III

IT WAS ERROR TO AWARD COUNSEL FEES WITHOUT A
PLENARY HEARING.

POINT IV

APPELLANT'S MOBILE HOME WAS NEVER ABANDONED
WITHIN THE LANGUAGE OF THE STATUTE.

POINT V

THE COURT FAILED TO ARTICULATE AND EXPLAIN ITS
RULING ON SUMMARY JUDGEMENT [SIC].

POINT VI (POINT I OF DEFENDANT'S REPLY BRIEF)

THE TRIAL COURT [ERRED] IN RULING THE MOBILE
HOME ABANDONED WHERE EVIDENTIARY MATERIAL
EXISTED CONTRARY TO THAT RULING.

POINT VII (POINT II OF DEFENDANT'S REPLY
BRIEF)

SUMMARY JUDGEMENT [SIC] SHOULD NOT HAVE BEEN
AWARDED WHERE THE CLAIMS MADE BY THE APPELLANT
WERE NEITHER FRIVOLOUS [NOR] [REPETITIOUS] AND
WERE GENUINE.

The issues raised by defendant lack sufficient merit to warrant discussion in a written opinion. <u>Rule</u> 2:11-3(e)(1)(E). We add only the following comments.

Defendant raises arguments on appeal that relate to disposition of the original tenancy action. However, he never

appealed from any of the orders issued by the tenancy court judge. Nor could defendant have appealed from the October 26, 2012 consent judgment for possession, barring him from living at Metpark and according him ninety days to sell or rent the mobile home. An order entered with the consent of the parties is generally not appealable for purposes of challenging the substantive provisions of the order. Winberry v. Salisbury, 5 N.J. 240, 255 (1950). Having reviewed the record, we conclude that the judges deciding the declaratory judgment action, the summary judgment motion, and counsel fee application were bound by the non-appealed orders entered by the tenancy court judge.

The Abandoned Tenant Property Act, N.J.S.A. 2A:18-72 to -84 (Act), governs abandonment of property left by a tenant on a landlord's property. The Act compels a landlord to comply with the enumerated requirements before disposing of a tenant's property. In the case of a mobile home, the Act requires a landlord to issue an "Abandoned Mobile Home Notice" in the form promulgated by the New Jersey Motor Vehicle Commission.

Here, plaintiff served the required notice consistent with the Act. The Act compelled defendant to state an intent "to remove the property from the premises." Defendant never expressed an intent to remove the mobile home. Rather, defendant sent a letter "contest[ing]" plaintiff's abandoned property notice. Defendant

had seventy-five days from the date of the notice within which to remove his mobile home. Defendant's failure to remove his mobile home within the time provided under the Act resulted in his property being "presumed to be abandoned." N.J.S.A. 2A:18-76.

In opposing a motion for summary judgment, the non-moving party is required to present competent evidence raising genuinely disputed issues of material fact. Merchs. Express Money Order Co. v. Sun Nat'l Bank, 374 N.J. Super. 556, 563 (App. Div. 2005), (holding summary judgment cannot be defeated by "speculation," "fanciful arguments" or "disputes as to irrelevant facts"). We agree with the motion judge that defendant's reliance on hearsay testimony and speculation in support of his counterclaim and third-party complaint was legally insufficient to defeat the summary judgment motion.

We also agree with the judge's determination on the issue of counsel fees. There is ample support in the record that plaintiff was entitled to attorneys' fees and costs under Metpark's rules and regulations. Based on the certifications filed in support of the requested fee award, the judge assessed the legal tasks performed by counsel and the time expended in determining the proper fee award. We discern no basis to disturb the amount of the fees awarded by the judge as defendant did not object to plaintiff's requested sum.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-3393-16T1